IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA ORTIZ AND FRANCISCO ARMIJO, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION |
| V. | § § | NO. _____ |
| GEOVERA SPECIALTY INSURANCE COMPANY, LEE KEVIN TIDMORE, AND KIARRA RAINEY | § § § § § | |
| Defendants. | § | |

### DEFENDANTS GEOVERA SPECIALTY INSURANCE COMPANY AND LEE KEVIN TIDMORE'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendants GeoVera Specialty Insurance Company ("GeoVera") and Lee Kevin Tidmore ("Tidmore") (collectively referred to herein as "Defendants") file this, their Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

1. On July 29, 2016, Plaintiffs Maria Ortiz and Francisco Armijo filed their Original Petition in the matter, styled *Maria Ortiz and Francisco Armijo v. GeoVera Specialty Insurance Company, Lee Kevin Tidmore, and Kiarra Rainey*, Cause No. 2016-42630, in the 11th Judicial District Court of Harris County, Texas. The lawsuit arises out of a claim Plaintiffs made for damages to their property under an insurance policy issued by GeoVera.

2. Plaintiffs served GeoVera with a copy of the Original Petition on or about August 11, 2016.

3. Plaintiffs served Lee Kevin Tidmore with a copy of the Original Petition on or about August 22, 2016.

4. Upon information and belief, Kiarra Rainey has not been served.

5. Defendants file this notice of removal within 30 days of receiving Plaintiffs' pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

6. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

7. As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules, simultaneously with the filing of this notice of removal is an Index of Matters Being Filed, attached hereto as Exhibit "A." A copy of the Electronic Docket Sheet is attached hereto as Exhibit "B." A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C." A copy of Plaintiffs' Original Petition is attached hereto as Exhibit "D." A copy of the Civil Process Pick-Up Forms is attached hereto as Exhibit "E." A copy of the Citation as to Defendant GeoVera is attached hereto as Exhibit "F." A copy of the Return of Service as to Defendant GeoVera is attached hereto as Exhibit "G." A copy of the Citation as to Defendant Lee Kevin Tidmore is attached hereto as Exhibit "H." A copy of the Return of Service as to Defendant Lee Kevin Tidmore is attached hereto as Exhibit "I." A copy of Defendant GeoVera Specialty Insurance Company's Original Answer to Plaintiffs' Original Petition is attached hereto as Exhibit "J." A copy of Defendant Lee Kevin Tidmore's Original Answer to Plaintiffs' Original Petition is attached hereto as Exhibit "K." Defendants' list of the Parties to the Case and

Counsel is attached hereto as Exhibit "L." Declaration of Rhonda J. Thompson is attached hereto as Exhibit "M."

8. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## Basis for Removal

9. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

### A. Diversity of Citizenship

10. Plaintiffs are, and were at the time the lawsuit was filed, residents of Harris County, Texas, and citizens of the State of Texas. *See* Pls' Original Pet. ¶ 2, attached hereto as Exhibit "D."

11. Defendant GeoVera was at the time this action was commenced, and still is, a citizen of the State of California. Defendant GeoVera is a corporation organized under the laws of the State of California and maintains its principal place of business in Fairfield, California.

12. Defendant Lee Kevin Tidmore was at the time this action was commenced, and still is, a citizen of the State of Louisiana.

13. Defendant Kiarra Rainey was at the time this action was commenced, and still is, a citizen of the State of Texas.

14. With respect to the claims against Defendant Kiarra Rainey, it is Defendants' position.

15. That she has been fraudulently joined in this action. Therefore, the Texas citizenship of Defendant Kiarra Rainey should be disregarded for the purposes of evaluating diversity in this matter.

16. The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

17. The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.*

18. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). Here, Plaintiffs fail to offer specific facts in support of their claims against the Defendant Kiarra Rainey. Therefore, Plaintiffs have failed to make the required "factual fit between (their) allegations and the pleaded

theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Plaintiffs' conclusory allegations are often merely a recitation of the statutory language from Chapters 541 and 542 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply. Thus, Plaintiffs' Original Petition really alleges nothing more than that Defendants, including Kiarra Rainey, violated various portions of Chapter 541 and 542 of the Insurance Code.

19. Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiffs' failure to mention any actionable facts specifically related to the conduct of Kiarra Rainey, constitutes a failure to state a claim and results in fraudulent joinder of those parties. *See, e.g., Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co .*, 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"). Based upon the foregoing, Kiarra Rainey was improperly and/or fraudulently joined in this action to defeat diversity jurisdiction. Because there is no reasonable basis for this Court to predict that the Plaintiffs might be able to recover against Kiarra Rainey, her presence should be disregarded in determining diversity jurisdiction.

**B.     The Amount in Controversy Exceeds $75,000.00**

20. This is a civil action in which the amount in controversy exceeds $75,000.00. In their complaint, Plaintiffs allege a variety of claims revolving largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property. *See* Pls' Original Pet. ¶ 6, attached hereto as Exhibit "D." Among other things, Plaintiffs allege that Defendant GeoVera breached the insurance policy number GC40013164,

with a Dwelling Limit of $127,000, Other Structures Limit of $12,700, Personal Property Limit of $63,500, and Loss of Use Limit of $25,400, for the property located at 2617 Trenton Road, Houston, Texas 77093 (the property giving rise to the present dispute).  *See* Exhibit "M," Declaration of Rhonda J. Thompson, attached hereto and fully incorporated herein as if set out in full.  In determining the amount in controversy, the Court may consider "policy limits . . . penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

21.   In addition, Plaintiffs' Original Petition seeks damages for fraud, conspiracy to commit fraud, breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code.  Plaintiffs claim that they are seeking "monetary relief over $200,000 but not more than $1,000,000."  *See* Pls' Original Pet. ¶ 6, attached hereto as Exhibit "D."  Based on the limits of the underlying insurance policy and the allegations set forth in Plaintiffs' Original Petition, the amount in controversy in this case exceeds the $75,000.00 jurisdictional requirement.

22.   Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

### Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  Accordingly, Defendants GeoVera Specialty Insurance Company and Lee Kevin Tidmore hereby remove this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.: 24029862
Southern District No.: 17055

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Facsimile:       (214) 871-8209
E-mail:            rthompson@thompsoncoe.com

**COUNSEL FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY AND LEE KEVIN TIDMORE**

### CERTIFICATE OF SERVICE

This is to certify that on the 12th day of September, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Gregory F. Cox
Mostyn Law
6280 Delaware Street
Beaumont, Texas 77706
   *Counsel for Plaintiffs*

/s/Rhonda J. Thompson
Rhonda J. Thompson