6/23/2016 11:02:37 AM
Chris Daniel - District Clerk Harris County
Envelope No. 11296987
By: Monica Ovalle
Filed: 6/23/2016 11:02:37 AM

**2016-42630 / Court: 011**

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA ORTIZ AND FRANCISCO ARMIJO, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| GEOVERA SPECIALTY INSURANCE COMPANY, LEE KEVIN TIDMORE, AND KIARRA RAINEY, | § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Maria Ortiz and Francisco Armijo ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of GeoVera Specialty Insurance Company ("GeoVera"), Lee Kevin Tidmore ("Tidmore"), and Kiarra Rainey ("Rainey") (hereinafter collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.



## PARTIES

2. Plaintiffs Maria Ortiz and Francisco Armijo are individuals residing in Harris County, Texas.

3. Defendant GeoVera is a foreign insurance company incorporated in and/or having its principal place of business in the State of California. GeoVera, at all times material to this action, has engaged in the business of insurance in the State of Texas, as more particularly described below. This defendant does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause. The cause of action arises out of this defendant's business activities in Texas. Accordingly, this defendant may be cited by serving the Texas Insurance Commissioner at 333 Guadalupe Street, Austin, Texas 78701. The Commissioner may forward citation and the petition to this defendant at its mailing address and/or principal place of business at: GeoVera Specialty Insurance Company, c/o President Kevin M. Nish, or any other officer, 4820 Business Center Drive, Suite 200, Fairfield, California 94534.

4. Defendant Lee Kevin Tidmore is an individual residing in and domiciled in the State of Louisiana. This defendant may be served with personal process by a process server at his place of residence at 2311 Crossing Court, Mandeville, Louisiana 70448.

5. Defendant Kiarra Rainey is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at her place of residence at 11434 Blackstream Court, Cypress, Texas 77433.

## JURISDICTION

6. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

7. The Court has jurisdiction over Defendant GeoVera because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant Tidmore because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Rainey because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by GeoVera.

12. Plaintiffs own the insured property, which is specifically located at 2617 Trenton Road, Houston, Texas 77093, in Harris County (hereinafter referred to as "the Property").

13. GeoVera sold the Policy insuring the Property to Plaintiffs.

14. On or about October 24, 2015, a windstorm struck Harris County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence (hereinafter referred to as "the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the Storm. Furthermore, Plaintiffs sustained significant damage to their personal belongings and contents within the home. After the October 24, 2015 Storm, when damages became apparent and visible to Plaintiffs, Plaintiffs filed a claim with their insurance company, GeoVera, for the damages to their home caused by the windstorm.

15. Plaintiffs submitted a claim to GeoVera against the Policy for Contents Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the windstorm.

16. Plaintiffs asked that GeoVera cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and/or interior water damages to the Property, pursuant to the Policy.

17. Defendant GeoVera assigned Defendants Tidmore and Rainey as the individual adjusters on the claim. The adjusters assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about November 11, 2015, Tidmore, conducted a substandard inspection of Plaintiffs' residence during which spent an insufficient amount of time inspecting the entire Property to scope

damages and failed to thoroughly inspect all of the damages to both the interior and exterior of the home. For example, Tidmore failed to acknowledge the extensive and obvious windstorm damages to Plaintiffs' contents within the home. Defendant Tidmore's inadequate inspection is further evidenced by his November 18, 2015 report, which failed to provide a fair and accurate assessment of Plaintiffs' damages actually included in his inspection including, but not limited to, several interior damages within Plaintiffs' residence.

18. Tidmore failed to conduct a thorough inspection to the roof of the home thereby denying many of the properly covered Storm damages to the Property. Moreover, Tidmore underpriced the cost of materials required for necessary repairs and incorrectly applied material sales tax and thus, the damages actually included in Defendant Tidmore's estimate were grossly undervalued. Although Tidmore was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages. Ultimately, Defendant Tidmore determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus no payment would be made on the claim.

19. Rainey also actively participated in the handling of Plaintiffs' claim but failed to conduct a reasonable investigation. Specifically, she corresponded with Plaintiffs regarding their claim in letters and/or reviewed reports, documents, and information regarding the claim. Ultimately, Defendant Rainey failed to thoroughly review Defendant Tidmore's assessment of the claim and ultimately approved and/or submitted an inaccurate report of the damages.

20. Defendant GeoVera, along with its personnel, failed to adequately supervise, oversee, and review the work of the adjusters assigned to Plaintiffs' claim, including Defendants Tidmore and Rainey. Had GeoVera performed even a cursory review of the estimate(s)/report(s) submitted and approved by Tidmore and Rainey, Defendant GeoVera would have discovered that Plaintiffs' claim was improperly adjusted. Unfortunately for Plaintiffs, this did not happen.

21. Together, Defendants GeoVera, Tidmore, and Rainey set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

22. As detailed in the paragraphs below, GeoVera wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, GeoVera underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

23. To date, GeoVera continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

24. Defendant GeoVera failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of

the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. GeoVera's conduct constitutes a breach of the insurance contract between GeoVera and Plaintiffs.

25. Defendants GeoVera, Tidmore, and Rainey misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants GeoVera's, Tidmore's, and Rainey's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

26. Defendants GeoVera, Tidmore, and Rainey failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants GeoVera's, Tidmore's, and Rainey's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

27. Defendants GeoVera, Tidmore, and Rainey failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants GeoVera, Tidmore, and Rainey failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants GeoVera, Tidmore, and Rainey did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants GeoVera's, Tidmore's, and Rainey's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

28. Defendants GeoVera, Tidmore, and Rainey failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants GeoVera, Tidmore, and Rainey. Defendants GeoVera's, Tidmore's, and Rainey's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

29. Defendants GeoVera, Tidmore, and Rainey refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants GeoVera, Tidmore, and Rainey failed to conduct a reasonable investigation. Specifically, Defendants GeoVera, Tidmore, and Rainey performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants GeoVera's, Tidmore's, and Rainey's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

30. Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31. Defendant GeoVera failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

32. Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

33. From and after the time Plaintiffs' claim was presented to Defendant GeoVera, the liability of GeoVera to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, GeoVera has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34. Defendants GeoVera, Tidmore, and Rainey knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

35. As a result of Defendants GeoVera's, Tidmore's, and Rainey's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

36. Plaintiffs' experience is not an isolated case. The acts and omissions GeoVera committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of GeoVera with regard to handling these types of claims. GeoVera's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANTS TIDMORE AND RAINEY

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. Defendant GeoVera assigned Defendants Tidmore and Rainey to adjust the claim. Defendants Tidmore and Rainey were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, the adjusters failed to properly assess Plaintiffs' windstorm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiffs' interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

38. Defendants Tidmore's and Rainey's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

39. Defendants Tidmore and Rainey are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of GeoVera, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added; *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company employee to be a "person" for the purpose of

bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

40. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendants Tidmore's and Rainey's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

41. Defendants Tidmore's and Rainey's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

42. Defendants Tidmore and Rainey failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Tidmore and Rainey failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements

or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendants Tidmore and Rainey as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

43. Defendants Tidmore's and Rainey's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

44. Defendants Tidmore and Rainey did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to. GeoVera Defendants Tidmore's and Rainey's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

45. Plaintiffs are not making any claims for relief under federal law.

### FRAUD

46. Defendants GeoVera, Tidmore, and Rainey are liable to Plaintiffs for common law fraud.

47. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants GeoVera, Tidmore, and Rainey knew were false or made recklessly without any knowledge of their truth as a positive assertion.

48. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

49. Defendants GeoVera, Tidmore, and Rainey are liable to Plaintiffs for conspiracy to commit fraud. Defendants GeoVera, Tidmore, and Rainey were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants GeoVera, Tidmore, and Rainey committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST GEOVERA ONLY

50. Defendant GeoVera is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

51. Defendant GeoVera's conduct constitutes a breach of the insurance contract made between GeoVera and Plaintiffs.

52. Defendant GeoVera's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of GeoVera's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

53. Defendant GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

54. Defendant GeoVera's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

55. Defendant GeoVera's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though GeoVera's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

56. Defendant GeoVera's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

57. Defendant GeoVera's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

58. Defendant GeoVera's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

59. Defendant GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

60. Defendant GeoVera's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

61. Defendant GeoVera's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

62. Defendant GeoVera's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount

of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

63. As referenced and described above, and further conduct throughout this litigation and lawsuit, Tidmore and Rainey are agents of GeoVera based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

64. Separately, and/or in the alternative, as referenced and described above, GeoVera ratified the actions and conduct of Tidmore and Rainey including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

65. Defendant GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

66. Defendant GeoVera's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, GeoVera knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

67. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

68. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

69. As previously mentioned, the damages caused by the October 24, 2015, hail storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants GeoVera's, Tidmore's, and Rainey's mishandling of Plaintiffs' claim in violation of the laws set forth above.

70. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

71. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

72. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

73. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

74. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

75. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

76. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

77. *Plaintiffs' Request for Disclosure to Defendant GeoVera Specialty Insurance Company* is attached as "Exhibit A." *Plaintiffs' Request for Disclosure to Defendant Lee Kevin Tidmore* is attached as "Exhibit A-1." *Plaintiffs' Request for Disclosure to Defendant Kiarra Rainey* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

　_/s/ Gregory F. Cox_　
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**